Battle, J.
 

 It is stated in the bill of exceptions, that on the trial of the case, the lessor of the plaintiff did not show any title in himself, but put his right to recover the land sued for, upon the ground that James Pender, the tenant in possession, was his tenant, and that the defendants had been admitted to defend the suit as landlords, and of course were bound by the estoppel. The defendants denied that James Pender ever had been the tenant of the plaintiff’s lessor, and the question whether he had ever been so, was the first and main point in the cause. To prove that he had, the plaintiff’s lessor examined one Hugh Kirkpatrick who, if believed, clearly proved the tenancy of Pender; but to rebut his testimony the defendants examined Pender himself, and contended that if his testimony were taken to be true, then he never was the tenant of the lessor of the plaintiff. For the purpose of strengthening their position, the defendants offered to prove that after-Kirkpatrick had carried Pender on the land in dispute, the latter had consented to become their tenant, and had thencefor
 
 *293
 
 ward continued to occupy the land as such; this testimony was objected to, and ruled out by the Court, and upon the propriety of that ruling, depend, in our opinion, the merits of the defendant’ supplication for a reversal of the judgment, and the grant of a
 
 vmire de novo.
 
 The counsel for the plaintiff’s lessor contends with mueh ingenuity, that it being stated by both the witnesses that Kirkpatrick had carried Pender upon the premises, and that he remained there continuously until the'declaration in ejectment was served on him, he was necessarily either a tenant or licensee of the plaintiff’s lessor, and that therefore, he could not, until he surrendered or restored the possession to the lessor, become the tenant of another, and that consequently, the testimony offered to show that fact, was immaterial, and as such, was properly rejected. In order to ascertain the force of this argument, it is necessa•ry to examine the testimony in relation to the manner in which Pender was carried upon the land by Kirkpatrick, and as the defendants had the right to have the credibility of Pen■der’s account of the transaction submitted to the jury, it is sufficient for us to examine his testimony alone. He states expressly, that he was carried on the land and left there against his will. Can that be called an entry by him as a tenant or licensee of Kirkpatrick, who is admitted to have been the tenant of the plaintiff’s lessor ? We think not. It is a perversion of terms to say that one entered upon the land, or into the house of another by the license of that other, when, in fact, he was carried there by fraud or violence. To become the tenant or licensee of the person who had perpetrated the fraud or violence upon him, he must afterwards have willingly consented to do so. If it could be proved that he consented to remain on the land, not with the consent or permission of the person who had so improperly carried him there, but with the permission, and as the tenant, of some other person who claimed to he the owner of the land, we think the idea of his having become the tenant or licensee of the first, would be completely repudiated. Why not allow such proof. It certainly could not be r gee ted upon the ground upon which a lessee is
 
 *294
 
 barred from disputing his lessor’s title. That is founded upon the principle of good faith and privity between the parties. Certainly no such principle can apply between persons whose apparent connection has been brought about by violence and treachery. And it would be particularly inapplicable to a case where the person who committed the wrong told his victim that the land upon which he had placed him, had no owner, and he might probably remain upon it five, six or ten years, or perhaps his life time. The testimony offered and rejected, was alledged to have a tendency to show that Pender had agreed to beeome the
 
 tenant of the
 
 defendants, and if admitted, might have shown that he never did voluntarily become the tenant or licensee of any body else. If it had shown that, then the Judge could not have instructed the Jury that Pender’s continuance on the land was evidence from which the jury might infer that he had agreed to become the tenant of the plaintiff’s lessor.
 

 There was error in the rejection of the testimony, for which a
 
 veni/t'e de novo,
 
 must he awarded.
 

 Per Curiam,
 

 Judgment reversed.